IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10610
Summary Calendar

BRIAN L BROWN

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; ROMULO ARMENDARIZ

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-543

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Brian L. Brown, federal prisoner # 05937-010, seeks leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim upon which relief can be granted.

The district court denied Brown leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Brown argues that Romulo Armendariz acted with deliberate indifference to his safety when he transferred Brown to a prison facility in Pollock, Louisiana, because the facility contained inmates from the Leavenworth, Kansas, facility who previously had attacked him or fellow gang members of those inmates. However, Brown has not alleged the physical injury required under 42 U.S.C § 1997e(e) for such a claim.

Brown also argues that he is entitled to an injunction preventing him from being housed in facilities "where gangs and Leavenworth prisoners are." However, a district court lacks jurisdiction to entertain a claim for injunctive relief when a plaintiff fails to show or allege a likelihood of future harm. Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005). Brown has not demonstrated or alleged that he is likely to suffer any specific future harm, and thus this argument is without merit.

Brown's motion fails to show error in the district court's certification decision and fails to show that Brown will raise a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Brown's motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This court's dismissal and the district court's dismissal of Brown's complaint each count as strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Brown is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.